**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
PHILIP WILLIAMS

                     Plaintiff,            **MEMORANDUM OF**
                                                         **DECISION & ORDER**
            -against-            16-cv-1992 (ADS)(AYS)

TOWN OF HEMPSTEAD, H2M
ARCHITECTS, ENGINEERS, LAND            **FILED**
SURVEYING AND LANDSCAPE              **CLERK**
ARCHITECTURE, D.P.C., GAPPSI, INC.,       10/18/2017 3:38 pm
MGP LANDSCAPE CONSTRUCTION, LLC
d/b/a GAPPSI, L&G RUGGIERO, INC., and    **U.S. DISTRICT COURT**
RAYMOND SCHWARZ                      **EASTERN DISTRICT OF NEW YORK**
                                                        **LONG ISLAND OFFICE**
                 Defendants.
----------------------------------------------------------X

**APPEARANCES:**

**BRADLEY SIEGEL**
*Attorney for the Plaintiff*
591 Stewart Avenue, Suite 400
Garden City, NY 11530
       By: Bradley R. Siegel, Esq., Of Counsel

**BERKMAN HENOCH PETERSON PEDDY & FENCHEL, P.C.**
*Attorney for the Defendant Town of Hempstead, & Raymond Schwarz*
100 Garden City Plaza
Garden City, NY 11530
       By: Joseph E. Macy, Esq.
           Donna A. Napolitano, Esq.
           Kaitlyn A. Costello, Esq., Of Counsel

**L'ABBATE BALKAN COLAVITA & CONTINI LLP**
*Attorney for the Defendant H2M Architects*
1050 Franklin Avenue
Garden City, NY 11530
       By: Richard Metli, Esq., Of Counsel

**CANFIELD MADDEN & RUGGIERO LLP**
*Attorney for the Defendant Gappsi, Inc., & MGP Landscape Construction, LLC*
1461 Franklin Avenue
Garden City, NY 11530
       By: John Ruggiero, Esq., Of Counsel

**LAWRENCE V. CARRA**
*Attorney for the Defendant L&G Ruggiero, Inc.*
114 Old Country Road
Mineola, NY 11501
      By: Lawrence V. Carra, Esq., Of Counsel

**SPATT, District Judge**.

On April 22, 2016, Philip Williams ("Williams" or the "Plaintiff"), filed a complaint against the defendants, Town of Hempstead (the "Town"), H2M Architects, Engineers, Land Surveying and Landscape Architecture, D.P.C. ("H2M"), Gappsi Inc. ("Gappsi"), MGP Landscape Construction, LLC d/b/a/ Gappsi, L&G Ruggiero, Inc. ("L&G"), and Raymond Schwarz ("Schwarz"), (collectively, the "Defendants"). The complaint sets forth fourteen causes of actions stemming from the demolition of the Plaintiff's property, located at 27 Garden City Boulevard, Hempstead, NY pursuant to Chapter 90 of the Town's Code. The Plaintiff alleges that since the filing of the complaint, discovery has yielded additional facts that require: (1) adding information to the Plaintiff's procedural due process claim; (2) adding claims of fraud, fraud by omission, malpractice, and an additional negligence claim; (3) adding Michel Bonacasa, Roy Gunther, and John Rotkamp as defendants; and (4) refining his request for a declaratory judgment that Chapter 90 of the Town of Hempstead Town Code is unconstitutional because it is void for vagueness.

On June 7, 2016, H2M answered the complaint and asserted various cross claims. Eight days later, on June 15, 2016, L&G answered the complaint and asserted its own cross claims against various defendants.

On June 21, 2016, the Town and Schwarz answered the complaint and asserted cross claims.

On July 27, 2016, the Plaintiff and the Defendants appeared before Magistrate Judge Anne Shields for an initial conference. Magistrate Judge Shields issued a scheduling order, ECF No. 39-1, which among other things, set the deadline for any motions to amend the pleadings or join new parties as September 12, 2016. On September 12, 2016, the Plaintiff filed a motion requesting an extension of the deadline for joinder or amendment from September 12, 2016 to October 12, 2016. ECF No. 42. Magistrate Judge Shields granted this request on October 4, 2016.

On February 15, 2017, the Plaintiff again filed a request to extend the deadline to amend the pleadings or add additional parties, this time as part of a broader request to extend time to complete discovery. The Plaintiff requested that he have until March 15, 2017 to move to amend the pleadings or add additional parties to his complaint. The next day, February 16, 2017, Magistrate Judge Shields issued an electronic order that granted the Plaintiff an extension as to the discovery deadlines, but did *not* provide additional time to amend the pleadings.

On July 19, 2017, the Plaintiff filed the instant motion to amend the complaint, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure ("Rules" or "FED. R. CIV. P.").

Fact discovery in this case is scheduled to be completed on October 23, 2017 with dispositive motion practice to begin on November 15, 2017.

For the reasons set forth below, the motion by the Plaintiff is denied.

## I. DISCUSSION

**A. The Legal Standard**

FED. R. CIV. P. 15(a), which typically governs a motion to amend a complaint, states, in relevant part, "A party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P.

3

15(a)(2). Unless there is a showing of bad faith, undue delay, futility or undue prejudice to the non-moving parties, the district court should grant leave to amend. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (internal citations omitted); *Hemphill v. Schott*, 141 F.3d 412, 420 (2d Cir. 1998). The decision on whether to grant a motion to amend rests within the sound discretion of the district court. *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 603-04 (2d Cir. 2005); *Hemphill*, 141 F.3d at 420.

Furthermore, where, as here, the proposed amended complaint adds new parties, FED. R. CIV. P. 21 also typically governs. Rule 21 explains that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." FED. R. CIV. P. 21; *see also City of Syracuse v. Onondaga Cty.*, 464 F.3d 297, 308 (2d Cir. 2006) ("Although Rule 21 contains no restrictions on when motions to add or drop parties must be made, the timing of the motion may influence the court's discretion in determining to grant it." (internal citations and quotations omitted)).

The Court has discretion to determine whether or not to add a party, regardless of the stage of the litigation. *Sullivan ex rel. Pointer, Cleaners & Caulkers Welfare Pension & Annuity Funds v. W. New York Residential, Inc.*, No. 01-cv-7847, 2003 WL 21056888, at *1 (E.D.N.Y. Mar. 5, 2003). A leave to amend to assert claims against an additional defendant should only be denied for the same enumerated reasons as set forth under Rule 15. *DeFazio v. Wallis*, No. 05-cv-5712, 2006 WL 4005577, at *1 (E.D.N.Y. Dec. 9, 2006) (Spatt, J.) (internal citations omitted).

When a pretrial scheduling order has been entered by the Court, as is the case here, that specifies the deadline for a party's ability to amend a pleading, "the lenient standard under Rule

15(a) … must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'" *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003) (quoting FED. R. CIV. P. 16(b)); *see also Holmes v. Grubman*, 568 F.3d 329, 334-35 (2d Cir. 2009) ("Where, as here, a scheduling order governs amendments to the complaint … the lenient standard under Rule 15(a) … must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause." (internal citations and quotations omitted)); FED. R. CIV. P. 16(b) ("A schedule may be modified only for good cause and with the judge's consent.").

As a result, a plaintiff is required to demonstrate good cause under Rule 16(b) to modify a scheduling order, irrespective of whether Rule 15(a) may be satisfied. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). The good cause standard is based primarily on the "diligence of the moving party." *Holmes*, 568 F.3d at 335 (citing FED. R. CIV. P. 16(b) advisory committee's note); *accord Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 582 F.3d 244, 267 (2d Cir. 2009). "[T]he movant must show that the deadlines cannot be reasonably met despite its diligence." *Rent-A-Center, Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 104 (S.D.N.Y. 2003) (internal citations omitted); *see also Perfect Pearl Co., Inc. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012) ("To show good cause, a movant must demonstrate that it has been diligent, … meaning that despite its having exercised diligence, the applicable deadline could not have been reasonably met." (internal citations and quotations omitted)).

Good cause is not present "when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline." *Enzymotec Ltd. v. NBTY, Inc.*,

754 F. Supp. 2d 527, 536 (E.D.N.Y. 2010) (internal citations and quotations omitted). "[I]n the exercise of its discretion under Rule 16(b), [the Court] also may consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice the defendants." *Kassner*, 496 F.3d at 244; *accord Ratcliffe v. Pradera Realty Co.*, No. 05-civ.-10272, 2007 WL 3084977, at *1 (S.D.N.Y. Oct. 19, 2007).

Rule 16(b) is designed to create certainty in pretrial proceedings and ensure that "at some fixed point both the parties and the pleadings will be fixed." *Parker*, 204 F.3d at 339-40 (citing FED. R. CIV. P. 16 advisory committee's note). If the Court were to consider Rule 15(a) without taking into account the good cause standard required under Rule 16(b), it "would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Id.* at 340.

In this case, the Plaintiff was required to request leave to amend the complaint on or before October 12, 2016. As previously stated, Williams did not file the instant motion until July 19, 2017. As such, the Court must apply the good cause standard of Rule 16(b) in this case.

**B. Good Cause**

Pursuant to Rule 16(b)(3)(A), October 12, 2016 was the deadline for the Plaintiff to request to amend the complaint or add additional parties. The Plaintiff filed the instant motion in July 2017, more than nine months after the Court's imposed deadline and has failed to justify such an extensive delay. *See, e.g.*, *Kontarines v. Mortg. Elec. Registration Sys., Inc.*, No. 15-cv-2206, 2016 WL 3821310, at *4 (E.D.N.Y. July 12, 2016) (good cause is not met when the Plaintiff filed a motion to amend 11 months after the court imposed deadline for amending pleadings); *Rent-A-Center*, 215 F.R.D. at 104 (denying motion to amend that was filed four months after the court's scheduling order deadline).

6

The Plaintiff contends that he has good cause to amend his complaint despite the passage of more than nine months since the deadline for amendments to the pleadings established by Magistrate Judge Shields's scheduling order. In an attempt to rationalize such an extended delay, Williams reasons that a series of clerical and attorney errors prevented the Plaintiff's counsel from ensuring that the deadline did not pass. *See, e.g.*, Memorandum of Law in Reply to Defendants Town of Hempstead and Raymond Schwarz's Opposition to Plaintiff's Motion to Amend Complaint Pursuant to Federal Rule of Civil Procedure 15(a)(2) ("Plaintiff's Town Reply") at 2 ("After receiving the February 16, 2017 [Scheduling] Order, this office calendared the new discovery dates, however, we did not realize that the Order was silent as to the time for joinder and amendment."). However, counsel's inability to keep track of this Court's deadlines on multiple occasions only enhances the Town's claims that the Plaintiff lacks good cause.

Furthermore, with the exception of the Plaintiff's proposed challenge of the Town's Code for vagueness, this is not a case where new information collected during discovery revealed a new basis for bringing new or refined claims. An examination of the complaint reveals that the Plaintiff was aware of the factual basis for this motion to amend at the time of the original complaint. *See, e.g.,* Complaint ¶ 48 ("According to Defendant Schwarz, an employee or agent of Defendant Town partially fell through the roof of the Premises and Defendant Town misrepresented the damage to the roof by failing to document this fact in Defendant Town's records and by failing to mention that an employee or agent of Defendant Town falling through the roof and created a hole in the roof at a public Chapter 90 hearing in order to obtain authorization to demolish the premises.").

Other than the proposed changes to the Plaintiff's constitutionality challenge against the Town's Code, the remainder of the changes are based on facts that were present in the original

7

complaint. The Court finds that the Plaintiff's proposed amendments rest on information "that the party knew, or should have known, in advance of the [Court's] deadline." *Sokol Holdings, Inc. v. BMD Munai, Inc.*, No. 05-cv-3749, 2009 WL 2524611, at *7 (S.D.N.Y. Aug. 14, 2009) (internal citations omitted). Therefore, Williams did not "act with sufficient diligence," *id.*, to satisfy Rule 16(b)'s good cause standard.

Concerning the remaining request to amend regarding the vagueness challenge to Chapter 90 of the Town's Code, the Plaintiff concedes in his reply brief that Schwarz's deposition revealed that those charged with enforcing the statute were allegedly unable to interpret it. *See* Plaintiff's Town Reply at 4 ("It was further revealed during the deposition of Schwarz, the Supervisor of Inspection Services, that the individuals charged with enforcing Chapter 90 of the [Town] Code … were unable to adequately interpret the statute."). Although Williams asserted that only after "further reviewing Chapter 90" did it become apparent that the statute was unconstitutionally vague, the Plaintiff failed to explain why it took him an additional eight months to reach that conclusion. Such a delay is the antithesis of the diligence required by the good cause standard, as defined by Rule 16(b).

Furthermore, regardless of whether the Plaintiff acquired new information from discovery, the Plaintiff's conduct during discovery demonstrated a lack of "good cause" required under Rule 16(b). Williams failed to move the Court to amend his complaint in October 2016, when he was required to do so. Further, the Plaintiff has not taken any steps to amend the complaint since February 2017, when Williams requested an extension of time to complete discovery. This was more than six months before the filing of the instant motion. Even if the Court accepts counsels' reasoning for failure to properly calendar the Court's orders, the Plaintiff has still offered no satisfactory reason why he did not seek to amend the pleading in March 2017.

Williams's sole justification for the failure to file the instant motion in a timely manner was that "[a]dditional factual information has arisen as a result of said discovery, necessitating the amendment to the Complaint." Memorandum of Law in Support of Plaintiff's Motion to Amend Complaint Pursuant to Federal Rule of Civil Procedure 15(a)(2) at 2. After filing the original complaint, the Plaintiff asserts that although the Town produced significant discovery in 2016 and Williams received interrogatory responses from Schwarz in November 2016, such information "needed explanation through many hours of deposition testimony." Plaintiff's Town Reply at 3.

However, all of the relevant discovery that the Plaintiff cites in response occurred in late 2016 and the first few months of 2017. *See, e.g.*, Plaintiff's Town Reply Exs. E (dated 2/13/17), G (dated 12/20/16), H (dated 2/28/17), J (dated 11/21/16). The last relevant deposition that the Plaintiff mentions in his briefing occurred on March 20, 2017, which was well before the time this motion was filed. *See* Plaintiff's Town Reply at 3-4. In other words, by the Plaintiff's own admission, he had sufficient discovery by February/March 2017 to move this Court to amend the complaint. The Plaintiff's counsel's reasoning is insufficient to explain why he waited so long after completing what he admits was enough discovery, to raise with the Court the matter of amending the complaint. *See, e.g.*, *iMedicor, Inc. v. Access Pharm., Inc.*, 290 F.R.D. 50, 53 (S.D.N.Y. 2013) (good cause not met because plaintiff was aware of requisite information eight months before its motion to amend); *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 201 (2d Cir. 2007) (good cause not met when "Plaintiffs became aware of the need to consider a possible claim … more than seven months before moving to amend their complaint").

Williams has not shown, as he was required to, that he diligently sought to comply with this Court's scheduling order. He therefore lacks the good cause necessary to amend the

complaint. *See*, *Grochowski*, 318 F.3d at 86; *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("If [a] party was not diligent, the [good cause] inquiry should end."). Compliance with Rule 16's good cause standard "is a threshold matter which may obviate the Rule 15 analysis." *Goureau v. Goureau*, No. 12-civ-6443, 2013 WL 1499404, at *2 (S.D.N.Y. Apr. 10, 2013). Thus, the Plaintiff's failure to demonstrate good cause precludes the need for the Court to address Rule 15 or Rule 21. *See, e.g.*, *Otegbade v. New York City Admin. for Children Servs.*, No. 12-civ.-6298, 2015 WL 851631, at *4 (S.D.N.Y. Feb. 27, 2015) ("And the Court declines to reach the issue of prejudice, as it has exercised its discretion to decide Plaintiff's application to amend under the 'good cause' standard of Rule 16(b)." (internal citations omitted)).

## II. CONCLUSION

For the foregoing reasons, the Court finds that Rule 16(b) properly applies to the instant motion, and further finds that the Plaintiff has failed to demonstrate good cause for his lack of timeliness. The Plaintiff's motion to amend the complaint is denied in its entirety.

It is **SO ORDERED**:

Dated: Central Islip, New York

October 18, 2017

__/s/ Arthur D. Spatt__

ARTHUR D. SPATT

United States District Judge