**FILED
CLERK**

3:53 pm, Mar 28, 2019

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
PHILIP WILLIAMS

                Plaintiff,

      -against-

TOWN OF HEMPSTEAD, H2M
ARCHITECTS, ENGINEERS, LAND
SURVEYING AND LANDSCAPE
ARCHITECTURE, D.P.C., GAPPSI, INC.,
MGP LANDSCAPE CONSTRUCTION, LLC
d/b/a GAPPSI, L&G RUGGIERO, INC., and
RAYMOND SCHWARZ

                Defendants.
---------------------------------------------------------X

**MEMORANDUM OF
DECISION & ORDER**
16-cv-1992 (ADS)(AYS)

**APPEARANCES:**

**BRADLEY SIEGEL**
*Attorney for the Plaintiff*
591 Stewart Avenue, Suite 400
Garden City, NY 11530
      By: Bradley R. Siegel, Esq., Of Counsel

**BERKMAN HENOCH PETERSON PEDDY & FENCHEL, P.C.**
*Attorney for the Defendant Town of Hempstead, & Raymond Schwarz*
100 Garden City Plaza
Garden City, NY 11530
      By: Joseph E. Macy, Esq.
           Donna A. Napolitano, Esq.
           Kaitlyn A. Costello, Esq., Of Counsel

**L'ABBATE BALKAN COLAVITA & CONTINI LLP**
*Attorney for the Defendant H2M Architects*
1050 Franklin Avenue
Garden City, NY 11530
      By: Richard Metli, Esq., Of Counsel

**CANFIELD MADDEN & RUGGIERO LLP**
*Attorney for the Defendant Gappsi, Inc., & MGP Landscape Construction, LLC*
1461 Franklin Avenue
Garden City, NY 11530
      By: John Ruggiero, Esq., Of Counsel

**LAWRENCE V. CARRA**
*Attorney for the Defendant L&G Ruggiero, Inc.*
114 Old Country Road
Mineola, NY 11501
     By: Lawrence V. Carra, Esq., Of Counsel

**SPATT, District Judge**.

On April 22, 2016, Philip Williams ("Williams" or the "Plaintiff"), filed a complaint against the Town of Hempstead (the "Town"), H2M Architects, Engineers, Land Surveying and Landscape Architecture, D.P.C. ("H2M"), Gappsi Inc. ("Gappsi"), MGP Landscape Construction, LLC d/b/a/ Gappsi ("MGP"), L&G Ruggiero, Inc. ("L&G"), and Raymond Schwarz ("Schwarz"), (collectively, the "Defendants"). The complaint sets forth fourteen causes of action stemming from the demolition of the Plaintiff's property, located at 27 Garden City Boulevard, Hempstead, NY (the "Premises") pursuant to Chapter 90 of the Town's Code.

On June 29, 2018, the parties filed three summary judgment motions, pursuant to Rule 56 of the Federal Rules of Civil Procedure ("FED. R. CIV. P." or "Rule"): (1) a motion for partial summary judgment by the Town and Schwarz; (2) a motion for summary judgment by H2M; and (3) a motion for partial summary judgment by the Plaintiff (together, the "Motions"). L&G, MGP and Gappsi have not filed summary judgment papers. The Motions were referred to Magistrate Judge Anne Y. Shields for a recommendation as to whether the Motions should be granted, and if so, what relief should be awarded.

On February 22, 2019, Magistrate Judge Shields issued a report & recommendation (the "R&R"), which recommended that (1) the Plaintiff's motion for partial summary judgment be denied in its entirety; (2) the Town's and Schwarz's partial summary judgment be granted in part

and denied in part; and (3) H2M's motion for summary judgment be granted in part and denied in part. Specifically, the R&R stated:

> with respect to the Town Defendants' motion, the Court recommends that the Town Defendants be granted summary judgment with respect to Plaintiff's claims for (1) substantive due process (the Second and Third Causes of Action); (2) a declaratory judgment that Chapter 90 of the Town Code is unconstitutional (the Fourth Cause of Action); (3) negligence (the Fifth and Sixth Causes of Action); (4) a constructive bailment (the Ninth Cause of Action); (5) *res ipsa loquitur* (the Thirteenth Cause of Action); and, (6) wrongful eviction, pursuant to New York RPAPL § 853 (the Fourteenth Cause of Action). The Court recommends that the Town Defendants' motion for partial summary judgment be denied with respect to Plaintiff's trespass claim (the Eighth Cause of Action).
>
> Finally, with respect to H2M's motion, the Court recommends that H2M be granted summary judgment with respect to Plaintiff's claims for (1) cutting and carrying off trees or timber, pursuant to New York RPAPL § 861 (the Tenth Cause of Action); (2) negligence (the Eleventh Cause of Action); (3) *res ipsa loquitur* (the Thirteenth Cause of Action); and, (4) wrongful eviction, pursuant to New York RPAPL § 853 (the Fourteenth Cause of Action). The Court recommends that H2M's motion for summary judgment be denied with respect to Plaintiff's trespass claim (the Eighth Cause of Action). In addition, the Court recommends that H2M's motion for summary judgment be granted as unopposed with respect to the Town Defendants' cross-claims for indemnification. However, the Court recommends that H2M's motion be denied as premature with respect to the cross-claims for contribution asserted against it by all Defendants.

R&R at 31.

On March 8, 2019, the Plaintiff filed five objections to the R&R: (1) the R&R erred in concluding that a genuine dispute of material fact exists with respect to the Plaintiff's procedural due process claim; (2) the R&R erred in its analysis of the Town's liability for the destruction, loss, or disposal of the Plaintiff's personal property; (3) the R&R erred in finding that the Town did not have possession or control over the Plaintiff's personal property at the Premises precluding the Plaintiff from maintaining his cause of action for constructive bailment; (4) the R&R erred in finding that there are genuine disputes of material fact that preclude summary judgment on the Plaintiff's RPAPL § 861 claim against the Town and L&G; and (5) the R&R

erred in granting judgment in favor of the Town and H2M as to the Plaintiff's cause of action for forcible and unlawful entry. The Plaintiff did not object to (1) the recommendation that the Court dismiss the Plaintiff's second through fourth causes of action for substantive due process and declaratory judgment; (2) the recommendation that Schwarz be dismissed from the case; and (3) the recommendation that the fifth, sixth, and thirteenth causes of action, sounding in negligence and *res ipsa loquitor* be dismissed.

## I. DISCUSSION

### A. The Standard of Review

In the course of its review of a magistrate judge's report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (b)(1); *see DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific," "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." FED. R. CIV. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C). The district court must conduct a *de novo* review of those portions of a report and recommendation or specified proposed findings or recommendations to which timely and proper objections are made. 28 U.S.C. § 636(b)(1)(C); *see* FED. R. CIV. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The Court may adopt those portions of a report and recommendation to which improper or untimely objections have been made, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

B. **Application to the Facts**

As a preliminary matter, the R&R specified to the parties that failure to file timely objections to the R&R would constitute a waiver of those objections. *See* 28 U.S.C. § 636 (b)(1); FED. R. CIV. P. 72(b). The Court finds that the Plaintiff timely filed his objections to the R&R.

1. **Objection 1: The R&R Erred in Concluding that a Genuine Issue of Material Fact Exists with Respect to the Plaintiff's Procedural Due Process Claim**

The Plaintiff's first objection concerns the R&R's finding that there was a genuine dispute of material fact with respect to the Plaintiff's procedural due process claim which precludes summary judgment. The Town contends that the Plaintiff is merely reiterating arguments already made in his original briefing papers.

"To the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07 Civ. 6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); *see also Toth v. N.Y. City Dep't of Educ.*, No. 14-CV-3776, 2017 WL 78483, at *7 (E.D.N.Y. Jan. 9, 2017) ("[R]eviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." (quoting *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008))), *vacated on other grounds sub nom. Toth on behalf of T.T. v. City of New York Dep't of Educ.*, 720 F. App'x 48 (2d Cir. 2018); *Frankel v. City of N.Y.*, Nos. 06 Civ. 5450, 07 Civ. 3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009) ("When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error."); *Pall Corp. v. Entergris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (holding that

5

if the objecting party "makes only conclusory or general objections, … the Court reviews the [R&R] only for clear error" (internal citations omitted)). *See, e.g.*, *Pearson–Fraser v. Bell Atl.*, No. 01-cv-2343, 2003 WL 43367, at *2 (S.D.N.Y. Jan. 6, 2003).

"The goal of the federal statute providing for the assignment of cases to magistrates is to increase the overall efficiency of the federal judiciary." *McCarthy v. Manson*, 554 F. Supp. 1275, 1286 (D. Conn. 1982) (internal citations and quotation marks omitted), *aff'd*, 714 F.2d 234 (2d Cir. 1983). "There is no increase in efficiency, and much extra work, when a party attempts to relitigate every argument which it presented to the Magistrate Judge." *Toth*, 2017 WL 78483, at *7 (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).

In the instant case, rather than specifically addressing the R&R, the Plaintiff attempts to re-litigate whether there is a genuine dispute of material fact. *See* Dkt. 121 at 8-9 ("Rather than provide any concrete evidence to support their allegations of a material issue of disputed facts, the Town merely alleges in their memorandum of law in opposition to Plaintiff's motion for summary judgment that the following issues of fact exist[.]"). In the four pages he devotes to this objection, the Plaintiff does not make any reference to the R&R. *See id*. at 8-12. Rather, he only addresses the arguments presented by the Town in its opposition memorandum of law. The Plaintiff already had the opportunity to refute the Town's contentions in his reply brief. *See* Dkt. 117 at 3-8. Now, he seeks to repackage and repeat that argument now in a revised reply brief. "Clearly, parties are not to be afforded a second bite at the apple when they file objections to a Report and Recommendation." *Camardo*, 806 F. Supp. at 382 (internal citations and quotation marks omitted). An attempt to rehash original arguments, which were already considered by the magistrate judge, in what is effectively a sur-reply, constituted an improper objection. The

Plaintiff addressed these arguments in his original papers and failed to specifically mention any portion of the magistrate judge's R&R that pertains to procedural due process. Allowing him to reargue an issue that he was already adequately heard on would be detrimental to the efficiency of the federal judiciary. *See, e.g.*, *DiMartino v. Berryhill*, 327 F. Supp. 3d 533, 538 (E.D.N.Y. 2018) (Spatt, J.) ("The Plaintiff's attempt to relitigate the exact same issues decided by the Magistrate Judge is an improper objection. While [plaintiff] may disagree with the R & R's conclusions, this is not the procedural mechanism to rehash them.").

As such, the Court reviews this portion of the R&R for clear error, and finding none, adopts this portion of the R&R.

Nonetheless, in the interests of justice, the Court has afforded the Plaintiff a *de novo* review, although without proper objections to guide the Court. After a thorough, *de novo* review of this portion of the R&R, the Court agrees with Magistrate Judge Shields' well-reasoned R&R.

### 2. Objection 2: The R&R Erred in its Analysis of the Town's Liability for the Destruction, Loss, or Disposal of the Plaintiff's Personal Property

The Plaintiff also objects to the R&R's analysis of the Town's liability for the destruction, loss, or disposal of the Plaintiff's personal property. As Williams notes, the R&R analyzes the claim for destruction, loss, or disposal of the Plaintiff's personal property as a conversion cause of action and recommended that summary judgment be denied as to that claim.

To succeed on a conversion claim sounding in New York law, "a plaintiff must demonstrate 'legal ownership or an immediate superior right of possession to a specific identifiable thing and must show that the defendant exercised an unauthorized dominion over the thing in question ... to the exclusion of the plaintiff's rights.'" *Cicel (Beijing) Sci. & Tech. Co. v. Misonix, Inc.*, No. 2:17-cv-1642, 2017 WL 4535933, at *9 (E.D.N.Y. Oct. 7, 2017) (Spatt, J.)

(quoting *Berman v. Sugo LLC*, 580 F. Supp. 2d 191, 206 (S.D.N.Y. 2008)). Magistrate Judge Shields reasoned that

> while there is no dispute that the Plaintiff had a possessory interest in his personal property stored within the Premises, there are substantial questions of fact as to whether the Town unlawfully exercised dominion over that property. The crux of this action is whether the Town unlawfully demolished the Premises in violation of Plaintiff's procedural due process rights. Enjoined with that issue is whether the Town unlawfully disposed of Plaintiff's personal property stored within the Premises. The determination of one claim necessarily involves the determination of the other.

R&R at 22.

The Plaintiff objects to this portion of the R&R because the Plaintiff sought summary judgment as to the Town's liability for the destruction, loss, or disposal of the Plaintiff's personal property as part of the procedural due process claim, not as an independent conversion claim.

As a preliminary matter, the Court finds that this objection is proper as it points out the specific portions of the R&R objected to and does not "make[] only conclusory or general objections, or simply reiterate[] his original arguments[.]" *Pall Corp.*, 249 F.R.D. at 51. The Court will conduct a *de novo* review of this contested section of the R&R.

The Court agrees with the Plaintiff that with respect to the claims regarding his personal property, Williams only sought summary judgment as to the procedural due process claim. A review of the Plaintiff's motion reveals that he moved for partial summary judgment as to the procedural due process claim, arguing that "the Town failed to properly notify Plaintiff of the Chapter 90 proceedings in a manner desirous of actually informing Plaintiff of … the removal and/or destruction of his personal property, located at the Premises." Dkt. 104-2 at 3. Yet, the R&R denies the Plaintiff's summary judgment claim as it pertains to conversion. In this respect, the R&R's analysis is improper. Any analysis of the Plaintiff's conversion claim must be

stricken. The Court modifies the R&R to remove the recommendation that there is a genuine dispute as to any material fact regarding the Plaintiff's conversion claim.

However, this modification does not obviate the R&R's conclusion that Williams' argument as to the destruction of the Premises is necessarily intertwined with the destruction of the Plaintiff's personal property. Regardless of the context, a genuine dispute of material fact exists concerning whether the removal and/or destruction of this personal property violated the Plaintiff's procedural due process rights. As this property was purportedly destroyed during the demolition of the Premises, any procedural due process argument on the lawfulness of the demolition involves both the Premises as well as the personal property.

After conducting a *de novo* review, the Court concludes that there is a genuine dispute of material fact regarding the Plaintiff's procedural due process claim as it pertains to personal property.

> **3. Objection 3: The R&R Erred in Finding that the Town did not have Possession or Control over the Plaintiff's Personal Property, Precluding a Cause of Action for Constructive Bailment**

The Plaintiff argues that the R&R's finding that the Town did not have possession or control over the Plaintiff's personal property is inaccurate, and that the Town is therefore not entitled to summary judgment on the constructive bailment claim. Specifically, Williams asserts that the R&R erred in two fundamental ways: (1) it disregarded the fact that the Town took possession of a key to the Premises on December 18, 2014; and (2) it overlooked the fact that Martin Smith, a Town employee, locked the side door to the Premises from the inside and contacted Gappsi to secure the front door.

The Plaintiff's first objection is that the R&R overlooked the undisputed fact that the Town took possession of a key in December 2014. *See* Dkt. 121 at 13.

9

First, the Court finds that this objection is proper as it points out the specific portions of the R&R objected to and does not "make[] only conclusory or general objections, or simply reiterate[] his original arguments[.]" *Pall Corp.*, 249 F.R.D. at 51. The Court will conduct a *de novo* review of this contested portion of the R&R.

The Plaintiff's objection directly conflicts with both the record in this case, and his own representations in prior filings. In his original motion papers, Williams disputes the existence of the key and whether or not the Town obtained possession of it. The Plaintiff's memorandum of law in opposition to the Town's summary judgment motion admits, "[t]here are questions of fact concerning how the Town mysteriously found a key that Plaintiff disputes ever existed, especially if they could claim that they had legal authority to enter if the Premises was open," and that "Plaintiff is the only person that maintained a key to the Premises." Dkt. 113 at 23, 28. Now, Williams contends that the Town possessed a second key to the Premises. Within a short period of time, the Plaintiff has switched his position from strongly contesting the existence of another key to representing to this Court that the key not only exists, but that the Town's possession of it is undisputed. As the Plaintiff himself acknowledges, the Town's possession of a key to the Premises is in dispute. On that basis alone, the Plaintiff's objection that the R&R overlooked the Town's possession of the key is denied.

However, even assuming *arguendo* that the Town's possession of this key is undisputed, the Plaintiff fails to cite a single case that can persuade this Court that "[p]ossession of keys has been held to be a major factor in determining whether a bailment exists." Dkt. 121 at 13. All of the cases cited by the Plaintiff involved circumstances where there was only one key, the defendant possessed the key, and the defendant had exclusive access, control, dominion and possession of the personal property at issue. *See, e.g., Snyder v. Four Winds Sailboat Centre,*

*Inc.*, 701 F.2d 251, 252 (2d Cir. 1983). These cases are factually distinguishable from the instant case, where it is undisputed that the Plaintiff maintained a key to the Premises.

After conducting a *de novo* review of this portion of the R&R, and agrees with Magistrate Judge Shields' well-reasoned R&R.

The Plaintiff's second objection in this section, that the R&R overlooked the fact that Martin Smith, a Town employee, locked the side door to the Premises from the inside and contacted Gappsi to secure the front door, was already considered by Magistrate Judge Shields. The Plaintiff represents in his memorandum of law in opposition to the Town's summary judgment motion that "Smith testified that he locked the side door to the Premises from the inside and contacted Gappsi to secure the front door." Dkt. 113 at 29.

Now, the Plaintiff repeats that argument now in what should properly be considered a second reply brief. "Clearly, parties are not to be afforded a second bite at the apple when they file objections to a Report and Recommendation." *Camardo*, 806 F. Supp. at 382 (internal citations and quotation marks omitted). The Plaintiff addressed this point in his original papers and received an unfavorable ruling in the R&R. Allowing him to reargue an issue that he was already adequately heard on would be detrimental to the efficiency of the federal judiciary. *See, e.g.*, *DiMartino*, 327 F. Supp. 3d at 538.

Accordingly, the Court reviews this objection to the R&R for clear error, and finding none, adopts this portion of the R&R.

Nevertheless, in an abundance of caution, the Court has conducted a *de novo* review of this portion of the R&R, and agrees with Magistrate Judge Shields' well-reasoned R&R.

4. **Objection 4: The R&R Erred in Finding that there are Issues of Fact that Preclude Summary Judgment on the Plaintiff's RPAPL § 861 Claim Against the Town and L&G**

The Plaintiff objects to the R&R's finding that there are genuine disputes of material facts that preclude summary judgment on his RPAPL § 861 claim against the Town and L&G. Specifically, he argues that since the R&R notes that it is undisputed that L&G removed at least one tree from the Premises, Williams is entitled to summary judgement on the claim.

Once again, the Plaintiff attempts to recycle arguments made in his original motion papers, seeking a forbidden second bite at the apple. *See Camardo*, 806 F. Supp. at 382. In his original memorandum of law, Williams noted that "L&G, with the Town's consent, admit that they removed a tree at the Premises at the time of the demolition." Dkt. 104-2 at 27-28. This, the Plaintiff submits, is dispositive regarding this cause of action. *Id*. After receiving an unfavorable ruling on his RPAPL § 861 claim, *see* R&R at 27 ("[W]hether the town – and L&G, who acted at the Town's direction and authorization – unlawfully removed any trees is inextricably intertwined with whether the Town's decision to demolish the Premises was made lawfully."), the Plaintiff seeks to recycle the same argument in his original papers, which were already submitted and considered by the magistrate judge. *See Camardo*, 806 F. Supp. at 382. To allow the Plaintiff to re-argue this point before this Court after receiving an adverse ruling in the R&R would violate the purpose of the Federal Magistrates Act. *See Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980) ("The purpose of the Federal Magistrates Act is to relieve courts of unnecessary work."). The Court finds that Williams' objection concerning RPAPL § 861 is improper. *See, e.g.*, *DiMartino*, 327 F. Supp. 3d at 538.

As such, the Court reviews this portion of the R&R for clear error, and finding none, adopts this portion of the R&R.

Nevertheless, in an abundance of caution, the Court has conducted a *de novo* review of this section of the R&R, and agrees with Magistrate Judge Shields' well-reasoned R&R.

   **5. Objection 5: The R&R Erred in Granting Judgment in Favor of the Town and H2M as to the Plaintiff's Cause of Action for Forcible and Unlawful Entry**

Lastly, the Plaintiff objects to the portion of the R&R which granted judgment in favor of the Town and H2M with respect to the Plaintiff's cause of action for forcible and unlawful entry, pursuant to RPAPL § 853. The statute states, in pertinent part: "[i]f a person is disseized, ejected, or put out of real property in a forcible or unlawful manner, … he is entitled to recover treble damages in an action therefor against the wrong-doer." RPAPL § 853. The R&R granted summary judgement largely because Judge Shields concluded that RPAPL § 853 was inapplicable outside of landlord-tenant matters. The Plaintiff argues, for the first time in his objection, that "[n]othing in RPAPL § 853 prevents said statute from applying to the instant matter, and perhaps this specific instance is a case of first impression[.]" Dkt. 121 at 15.

"The question whether a party may raise a new legal argument for the first time in objections to a magistrate judge's report and recommendation has not yet been decided in this Circuit." *Levy v. Young Adult Inst., Inc.*, 103 F. Supp. 3d 426, 433 (S.D.N.Y. 2015) (internal citations, quotation marks, and alterations omitted).

Many district courts in this Circuit have held that "'new arguments and factual assertions cannot properly be raised for the first time in objections to the R&R, and indeed may not be deemed objections at all.'" *Tarafa v. Artus*, No. 10 Civ. 3870, 2013 WL 3789089, at *2 (S.D.N.Y. July 18, 2013) (quoting *Smith v. Hulihan*, No. 11-cv-2948, 2012 WL 4928904, at * 1 (S.D.N.Y. Oct. 17, 2012)); *see also Toth*, 2017 WL 78483, at *7 ("a district court generally should not entertain new grounds for relief or additional legal arguments not presented to the magistrate" (quoting *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. June 3, 2008)));

*DeJesus v. Comm'r of Soc. Sec.*, No. 13-CV-2251, 2014 WL 5040874, at *1 (S.D.N.Y. Sept. 29, 2014) ("[A] party waives any arguments not presented to the magistrate judge." (emphasis in original) (quoting *Tarafa*, 2013 WL 3789089, at *2 (internal quotation marks omitted))).

In the instant case, the Plaintiff did not argue in his original motion papers that RPAPL § 853 is applicable outside of landlord-tenant disputes. Rather, he reasoned that summary judgment was inappropriate because "whether the Premises constituted a dangerous building within the terms of Chapter 90 is a question of fact." Dkt. 113 at 30. Williams had the opportunity in his opposition brief to present conflicting caselaw after the Town argued that "there is simply no caselaw applying the provisions of RPAPL § 853 to the demolition of property, or to a municipality being liable under such circumstances[.]" Dkt. 103 at 31. He chose not to mention it. The Plaintiff's failure to contest this argument when the matter was before Magistrate Judge Shields precludes him from attempting to do so now. *See, e.g.*, *Khatabi v. Bonura*, No. 10 Civ. 1168, 2017 WL 10621191, at *5 (S.D.N.Y. Apr. 21, 2017) (collecting cases).

As such, the Court reviews this portion of the R&R for clear error, and finding none, adopts this portion of the R&R.

Notwithstanding the impropriety of this objection, the Court has afforded the Plaintiff a *de novo* review and agrees with the proposed findings for the reasons stated in Magistrate Judge Shields' R&R.

## II. CONCLUSION

For the reasons set forth above, Magistrate Judge Shields' R&R is adopted as modified herein.

It is **SO ORDERED**:

Dated: Central Islip, New York

March 28, 2019

            <u> */s/ Arthur D. Spatt* </u>

            ARTHUR D. SPATT

            United States District Judge